Filed 3/12/15  In re L.P. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re L.P., a Person Coming Under the Juvenile Court Law. | C077091 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>H.P.,<br><br>    Defendant and Appellant. | (Super. Ct. No. J06757) |

Hector P. (father) appeals from the juvenile court's dispositional order granting him reunification services as the biological father of minor L.P.  (Welf. & Inst. Code, §§ 300, 395.)  He contends for the first time on appeal that the juvenile court erred in finding him L.P.'s biological father, claiming that he should have been designated her

1

presumed father. We conclude his contention is forfeited; therefore, we affirm the dispositional orders of the juvenile court.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2014, San Joaquin County Human Services Agency (the Agency) filed a petition as to L.P. (aged 22 months) and her half brother. The Agency named father in the petition as the presumed father of L.P. It did not allege any facts supporting that designation. The petition listed a different address for father than for the biological mother of both minors.

The details of the allegations in the petition are not relevant to our determination on this appeal. It suffices to say that the petition alleged that mother and father had drug problems, a history of domestic violence, and other behavior problems and associations that put the minors at risk.

At the initial hearing on April 14, 2014, the juvenile court ordered the minors detained. Father identified himself as L.P.'s father in response to the court's question and responded, "I believe so" when asked if he was on her birth certificate (which he was). The court found that father is L.P.'s biological father, and appointed counsel for him. Mother's counsel requested the placement of the minors with their respective paternal grandmothers. County counsel informed the court that father "apparently" lived with the paternal grandparents; the paternal grandmother stated that "social services" had said father could not stay with them because mother had a restraining order against father and the grandparents' home was close to mother's. She claimed that father had recently moved out.

The jurisdiction/disposition report, filed June 23, 2014, stated that father had not maintained contact with the Agency. He had not visited the minor or asked for placement. His current circumstances and living arrangements were unknown; he had not provided the Agency with any address. He had made no progress toward alleviating or mitigating the causes leading to the minor's removal. Nevertheless, the Agency,

2

identifying him as "the biological father" in its report, recommended providing him with reunification services.

At the contested jurisdictional hearing on June 30, 2014, father was absent without any legal cause known to his counsel. The juvenile court denied counsel's request for a continuance and found the allegations of the petition true. At the dispositional hearing on July 17, 2014, father was present with counsel. Counsel stated that father would like to "set it for placement." County counsel requested an offer of proof. The juvenile court stated: "What's the offer of proof? He's the bio[logical] dad." County counsel replied: "He doesn't visit." Father's counsel responded that father was "entitled to contest the report." The juvenile court stated: "I'm thinking whether I should or shouldn't provide services as biological father." Father's counsel replied: "Well, Your Honor, if that's the court's inclination, we're prepared to submit."

The juvenile court then adopted all the proposed findings and orders of the jurisdiction/disposition report, including the order providing reunification services to father, classified as L.P.'s biological father. Father appealed from the jurisdictional and dispositional orders.

## DISCUSSION

Father's sole contention on appeal, which appears completely unsupported by the record provided to us, is that the juvenile court erred by failing to designate him as L.P.'s presumed father. (Fam. Code, § 7611.)[1] He claims that he received L.P. into his home and openly held her out as his own, which meets the requirements of presumed father designation pursuant to section 7611, subdivision (d).[2]

---

[1] Undesignated statutory references are to the Family Code.

[2] He adds an undeveloped claim that he is entitled to designation as a "*Kelsey S.* presumed father" (see *Adoption of Kelsey S.* (1992) 1 Cal.4th 816), and briefly argues

3

The record does not reflect that father ever *asked* the juvenile court, formally or informally, to be so designated. Nor at any point did he object to his designation as L.P.'s biological father (rather than her presumed father) in the juvenile court, despite multiple hearings at which he was openly classified as such.

"[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. [Citation.] The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.] [¶] Dependency matters are not exempt from this rule. [Citations.]" (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.)

Here, as we have explained, at the dispositional hearing from which father appeals, he not only failed to object to the juvenile court's statement about providing him services "as biological father," he immediately *acquiesced* to the designation when he realized the court was inclined to provide him with services. Father's failure to object to the court's alleged error forfeits his claim of error on appeal. (*In re S.B., supra*, 32 Cal.4th at p. 1293.)

Further, father never sought a determination of presumed fatherhood in the juvenile court. In claiming entitlement to presumed father status under section 7611, *father* bears the burden of establishing by a preponderance of the evidence the facts supporting his entitlement. (*In re J.O.* (2009) 178 Cal.App.4th 139, 147.) Father never sought to establish the entitlement in the juvenile court that he now claims on appeal.[3]

---

that due process requires he be classified as a presumed father. We decline to consider these claims for the same reasons we explain immediately *post*.

[3] Indeed, appellate counsel *does not dispute* that father's claim is forfeited by his failure to object or seek designation below, but instead offers that we may "safely infer" father's status as presumed from scattered observations in various reports and posits that we should do so (for the first time) on appeal in the interests of judicial economy, now that "the issues have been fully briefed." We reject this attempt to short circuit proper process, and note that asking us to consider a forfeited claim on an undeveloped and

4

If father wishes to be designated as L.P.'s presumed father, he must first establish the facts supporting his claim of entitlement in the juvenile court. Our disposition of this appeal does not prevent him from attempting to do so in the future, should he so choose.

**DISPOSITION**

The orders of the juvenile court are affirmed.


        DUARTE        , J.


We concur:


      HULL      , Acting P. J.


      MAURO      , J.

---

insufficient record is a waste of precious time in these dependency proceedings, which are time-sensitive by their very nature.